**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL DOCKET NO.: 5:11CV31-RLV**

| | |
|---|---|
| BARRY MALLEK, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>ALLSTATE LIFE INSURANCE COMPANY, )<br>    Defendant / Third-Party Plaintiff, )<br>)<br>v. )<br>)<br>ALICE MALLEK, )<br>    Third-Party Defendant. )<br>                                                 ) | **O R D E R** |

**THIS MATTER** is before the Court upon remand from the Fourth Circuit on August 13, 2014, for purposes of addressing choice of law in this diversity action, 28 U.S.C. § 1332(a).[1] (Doc. 30 / COA No. 14-1105).

Because the parties did not brief this aspect of the case at summary judgment, the parties will be provided an opportunity to weigh in on the choice of law issues presented.[2] As a starting point, this federal district court looks to *Caper Corp. v. Wells Fargo Bank, N.A.*, wherein the Fourth Circuit recently explained:

> As a federal court sitting in diversity, we must apply the substantive law of the forum state, including its choice of law rules. *Kenney v. Indep. Order of Foresters*, 744 F.3d 901, 905 (4th Cir. 2014). The proper choice-of-law analysis in North Carolina varies depending on how a claim is characterized. Choice of law in contracts cases is governed by the rule of *lex loci contractus*, see *Tanglewood Land Co. v. Byrd*, 261 S.E.2d 655, 656 (N.C.1980), and choice of law in torts cases is governed by the rule of *lex loci delicti*, see *Boudreau v. Baughman*, 368 S.E.2d 849, 854 (N.C. 1988).

---

[1] The mandate issued on September 4, 2014. (Doc. 31).

[2] Counsel for Plaintiff and Defendant cited to North Carolina law, although not exclusively, in their earlier filings. (Docs. 15−17). It appears that the parties continued to rely on North Carolina law in their appellate filings.

2014 WL 3511928, * 5 (4th Cir. 2014) (emphases added).  In other words, under North Carolina law, the law of the place where a contract was made (*lex loci contractus*) governs a contract dispute.  *See Fast v. Gulley*, 155 S.E.2d 507, 509–10 (N.C. 1967)).  In the context of a claim sounding in tort, "'the law of the state where the [complainant] was injured controls the outcome of the claim." *Harco Nat'l Ins. Co. v. Grant Thornton, LLP*, 698 S.E.2d 719, 724 (N.C. App. 2010) (internal citation omitted); *see also Piedmont Inst. of Pain Mgmt. v. Staton Found.*, 581 S.E.2d 68, 76 (N. C. App. 2003) (breach of fiduciary duty and constructive fraud are tort claims).

If contracting parties have agreed "that a given jurisdiction's substantive law shall govern the interpretation of the contract, such a contractual provision will be given effect."  *Caper Corp.*, 2014 WL 3511928, * 5 (quoting *Byrd*, 261 S.E.2d at 656).  As the undersigned views the matter, the parties to the various and respective agreements did not select a state law to govern interpretation of either the Settlement Agreement or Annuity.

In order to guide the appropriate framing of the issues (and provide guidance to the *pro se* litigants), the Court gleans from the existing record the following facts:   (i) the Settlement Agreement entered into between Barry Mallek and the United States does not identify any particular state or federal law to govern interpretation of the agreement; (ii) the Settlement Agreement was facilitated by the Equal Employment Opportunity Commission ("EEOC") office in San Francisco, California; (iii) the Settlement Agreement was to be managed / administered by The Lawcol Corporation Premium Trust Account ("Lawcol"), in Scottsdale, Arizona;  (iv) the Annuity, which was comprised of three "Single Premium Immediate Life Annuities," does not identify any particular state or federal law that is to control interpretation of its terms; (v) the Annuity was executed by Allstate in the place of Allstate's corporate offices, in Northbrook, Illinois; (vi)  the Amended Stipulated Qualified Domestic Relations Order Re: Allstate Life

Insurance Company, Contract No. SSAL12975A ("QDRO") was prepared and executed pursuant to the state law of California[3] *and is presumably governed by California law*; (vii) whether the Amended Stipulated QDRO was effective as such was subject to determination under the Retirement Equity Act of 1984, 29 U.S.C. § 1056(d)(3), a federal statute; (viii) Alice Mallek is a California resident and was joined as a party to this lawsuit via Allstate's complaint for interpleader, 28 U.S.C. §§ 1335 and 2361; and (ix) Barry Mallek, a North Carolina resident, has a related bankruptcy case within the Western District of North Carolina, Bankruptcy No.: *In re: Barry Mallek*, Case No.: 10-51087.

In addition, the record does not make clear where the final acts of execution occurred in connection with either document. Finally, with respect to his constructive fraud and breach of fiduciary duty claims, BM has not been heard as to geographic location or situs of the alleged injury.

**IT IS, THEREFORE, ORDERED** that the parties shall have until **October 8, 2014**, to submit their legal arguments concerning choice of law. Responses, if necessary, shall be filed by **October 15, 2014**.

**IT IS FURTHER ORDERED** that the parties specifically identify the role, if any, of federal common law, and equitable principles such as waiver and estoppel in fashioning a remedy in this matter.

Signed: September 8, 2014

Richard L. Voorhees
United States District Judge

---

[3] *See* "Section IV – General Provisions" of the Amended Stipulated QDRO citing California Family Code, Sections 2021, 2550, 2610, and 2650.