**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL DOCKET NO.: 5:11CV31-RLV**

| | | |
|---|---|---|
| BARRY MALLEK, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| ALLSTATE LIFE INSURANCE COMPANY, | ) | |
| Defendant / Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ALICE MALLEK, | ) | |
| Third-Party Defendant. | ) | |
| ——————————————————— | ) | |

**THIS MATTER** is before the Court upon remand from the Fourth Circuit on August 13, 2014, for purposes of addressing choice of law in this diversity action, 28 U.S.C. § 1332(a).[1] (Doc. 30 / COA No. 14-1105).

On September 8, 2014, the Court directed the parties to submit their respective legal positions concerning choice of law since the parties did not brief that aspect of the case at summary judgment. (Doc. 32). In the September 2014 Order, the Court observed that counsel for Plaintiff and Defendant cited to North Carolina law, although not exclusively, in their earlier filings and that appellate filings also relied on North Carolina law. (Doc. 32, 1 n. 2). The parties were specifically asked to "identify the role, if any, of federal common law, and equitable principles such as waiver and estoppel in fashioning a remedy in this matter." (Doc. 32, 3). The deadline for submission of briefs was originally October 8, 2014, but extensions of time were sought by both Plaintiff Barry Mallek ("BM") and Third-Party Defendant Alice Mallek ("AM") and granted. (Docs. 36, 38). All of the interested parties have now been heard. (Docs. 39–44).

---

[1] The mandate issued on September 4, 2014. (Doc. 31).

Counsel for Defendant Allstate thoroughly and correctly analyzes the choice of law questions posed by these facts.[2]  (Doc. 39).  Significantly, Allstate represents that choice of law has <u>no consequence</u> on the legal analysis undertaken by the Court in that the state law applicable to the various issues and claims does not differ in substance.   (Doc. 39, 8, 12, 13 n. 10, 15 n. 13, 16−17) ("The Court's rulings are correct under applicable North Carolina, California, Illinois, and, potentially, Arizona law, which are not in conflict as to the dispositive issues in this case.").

In short, the Court finds that Plaintiff BM's breach of contract claim is governed by Illinois law.  Plaintiff BM alleged that Allstate breached the terms of the Annuity Contract No. SSAL12975A (the "Annuity") it administered as a result of the Settlement Agreement entered into between Plaintiff and the U.S. Department of Homeland Security ("USDHS").  To fund its settlement obligation to BM, USDHS purchased the Annuity from Allstate.  The Annuity became effective upon Allstate's execution of the document at its home office in Northbrook, Illinois. (Doc. 39, 8−9).  Thus, the last act essential to the meeting of the minds with regard to the Annuity occurred in Illinois.  Illinois and North Carolina contract law, as well as the equitable principles of waiver and estoppel in these respective forums, do not differ.[3]  (Doc. 39, 12−16).

Plaintiff's claim, as it relates to the "Amended Stipulated Qualified Domestic Relations Order" ("Stipulated Order"), and his argument that Third-Party Defendant AM is not entitled to

---

[2]  The Court hereby adopts and incorporates by reference the memorandum of law filed by Allstate.  (Doc. 39).

[3]  In an abundance of caution, Allstate also addresses the unlikely possibility that delivery of the policy could have an impact on the choice of law analysis.  The Annuity lists the USDHS's address as Phoenixville, Arizona.  (Doc. 39, 4 n. 4).  However, Allstate notes the difference between the fixed annuity issued in this instance, effective and binding upon its issuance, and a life insurance policy not ordinarily binding until delivery.  (Doc. 39, 9 n. 8).

the annuity payments he previously authorized by way of the said Stipulated Order, is governed by California law. As reflected within "Section IV" of the Stipulated Order, entitled "General Provisions," the California Family Code applies.[4] (Doc. 39, 4).

Next, Plaintiff's constructive fraud claim is governed by both California and North Carolina law since, if Plaintiff was injured by Allstate's issuance of the periodic payments to Alice Mallek (which the Court finds he was not), BM was injured in both states of residence during the course of payment. (Doc. 39, 10). The elements and particulars of a constructive fraud claim are the same under both California and North Carolina law. (Doc. 39, 17−18).

Most significantly, Allstate explains why structured settlement acts, like the California Structured Settlement Protection Act, Cal. Ins. Code §§ 10134 *et seq.* (the "California Act"), cited by Plaintiff have distinctive application in the context of a division of structured settlement payment rights embodied in a property settlement agreement within a divorce action. (Doc. 43, 3−5). According to Allstate, "structured settlement payments like those at issue here are routinely redirected to payees' spouses to satisfy child support, spousal support, and / or property settlement obligations in the context of divorce proceedings, notwithstanding that most structured settlement agreements and the related annuities that fund them contain anti-assignment provisions." (Doc. 43, 3) (citing *In re Marriage of James Pace*, 664 N.E.2d 320 (Ill. App. Ct. 1996)).


Finally, the undersigned affirms its reliance on the remedy of specific performance − requiring Plaintiff to fulfill his promise to Third-Party Defendant Alice Mallek to assign $3500

---

[4] Allstate clarifies that the identification or characterization of the Stipulated Order as a "Qualified Domestic Relations Order" ("QDRO") has no bearing on the analysis because it is a structured settlement annuity as opposed to an annuity subject to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.*, ("ERISA"). (Doc. 39, 9 n. 9).

of his monthly periodic payments from the Annuity.  Likewise, the undersigned affirms its

finding, as a matter of law, that equitable principles of waiver and estoppel bar Plaintiff's claims

against Allstate in light of Plaintiff's express direction to Allstate to honor his request.

The Court's summary judgment decision on the merits of Plaintiff BM's claims against

Defendant Allstate is unchanged.

**IT IS, THEREFORE, ORDERED** that the Deputy Clerk may reissue the Final

Judgment previously entered in this matter and forward a copy of the instant Order to the Fourth

Circuit Court of Appeals.

Signed: December 17, 2014

Richard L. Voorhees
United States District Judge